```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

STEPHEN GAGNE,

                            Plaintiff,        **DECISION AND ORDER**
                                                                         12-CV-545

    v.

C.O. KACZOR, et al.,

                            Defendants.
___

### **INTRODUCTION**

Plaintiff Stephen Gagne ("Plaintiff"), a <u>pro se</u> prisoner, commenced this action, pursuant to 42 U.S.C. § 1983 against the Defendants, all of whom are former or current employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging that he was denied use of his cane despite a medical permit and denied meals while incarcerated at Wende Correctional Facility ("Wende"). Compl. (Dkt. #1), ¶¶ 2-80. Plaintiff's claims are brought under the Eighth Amendment of the U.S. Constitution; Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1213, <u>et seq.</u>; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. <u>Id.</u>

Currently before the Court is Defendants' Motion for Summary Judgment, in which Defendants argue, <u>inter alia</u>, that Plaintiff's claims are barred by the doctrine of <u>res judicata</u> and, alternatively fail on the merits (Dkt. #23). Plaintiff opposes the

motion and has submitted a Memorandum of Law, a Statement of Facts, and a Declaration with accompanying exhibits (Dkt. ##29-31).

For the reasons that follow, the Defendants' motion is granted and the Complaint is dismissed in its entirety.

## BACKGROUND

The following facts, drawn from the Defendants' Rule 56 Statement of Facts (Dkt. #23) and accompanying affidavits and exhibits, are undisputed unless otherwise indicated.

Although Plaintiff was provided with the requisite Irby Notice,[1] his submissions nonetheless fail to conform to the Federal and Local Rules of Civil Procedure. For example, his Opposing Statement of Facts (Dkt. #31) is not correspondingly numbered, contains no citations to any admissible evidence, and is comprised largely of the allegations from the Complaint as well as legal arguments. See Loc.R.Civ.P. 56(2) ("Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."); Loc.R.Civ.P. 56(3) ("Each statement by the movant or opponent pursuant to this Local Rule must be followed by citation

---

[1] See Irby v. NYC Transit Auth., 262 F.3d 412, 413 (2d Cir. 2001) (Warning that the Circuit Court will "vacate summary judgment dismissals against a pro se litigant when the pro se is unaware of the consequences of failing to adequately respond to the motion for summary judgment").

to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(e).") The Court is mindful of the special solicitude owed to Plaintiff, however, his status a pro se litigant does not excuse his non-compliance with the Local Rules. See Faretta v. California, 422 U.S. 806, 834 n. 46 (1975) ("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law."); Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)("While a pro se litigant's pleadings must be construed liberally . . . pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."), Self v. LaValley, No. 10-CV-1463, 2013 WL 1294448, at *3 (N.D.N.Y. Mar. 27, 2013) ("The special solicitude afforded to pro se civil rights litigants does not give them license to violate the Federal Rules of Civil Procedure, local rules of practice of the district courts in which their cases are pending, and Scheduling Orders issued by district court judges presiding over their cases in order to manage their dockets.")

Significantly, Plaintiff is no stranger to the complexities of litigation: he has filed no less than five cases in this District (Nos. 99-cv-108, 99-cv-436, 02-cv-082, 11-cv-361, 12-cv-545) as well as a New York State Court of Claims action. See Compl. at 3. The Court will therefore deem as admitted the Defendants' facts to the extent they are supported by the record.

**A.   Parties**

At the time of the events alleged in the Complaint, Plaintiff was an inmate in the care and custody of DOCCS, housed at Wende Correctional Facility. In his Complaint, Plaintiff named Wende medical professionals Drs. Levitt and Bukowski, and Physician Assistant (PA) Obertean; supervisory officials Supt. Kirkpatrick, Supt. of Health Services Post, Deputy Supt. Of Security Sticht; Corrections Officers (CO) Kaczor and Londono, Cook Thomas, and Recreation Supervisor Snowden (collectively, "Defendants"). Plaintiff claims that Defendants denied him the use of his cane and meals for various times between the time period between July, 2009 and November, 2010. Compl. ¶¶ 1-80.

**B.   Previous Litigation and Current Allegations**

Plaintiff filed an "Amended Claim" (No. 115986) with the New York State Court of Claims on January 27, 2010, alleging that upon his transfer to Wende his cane was confiscated and he was denied meals. The Amended Claim covered the time period spanning June to August, 2009. Murphy Decl., Ex. A.

Prior to the scheduled trial date in the Court of Claims action, Plaintiff filed a "Trial Memorandum" on June 28, 2012, in which Plaintiff elaborated upon his claims of denial of medical care, food deprivation, and lack of reasonable accommodations. Therein he also expanded the relevant time period through November 22, 2010. Murphy Decl., Ex. B. Specifically, Plaintiff's Trial Memorandum indicated that he intended to prove at trial, among

other things, that: (1) Defendants negligently interfered with his medical treatment by confiscating his cane on various dates, including when Plaintiff was placed in SHU for disciplinary violations; (2) Defendants denied him meals, either because he was not being fed in his cell or because he was not permitted to use his cane in the messhall; (3) Wende Superintendents created a policy that discriminated against his medical disabilities in violation of the Americans with Disabilities Act and the Rehabilitation Act. Id. at 9-13.

On August 14, 2012, Plaintiff signed a "Stipulation of Settlement and Discontinuance," wherein he agreed to settle and dismiss with prejudice three Court of Claims actions (Nos. 117754, 115986, 121283), releasing and discharging DOCCS, New York State, its officers, agents, and employees from all claims, demands, and liability of every kind and nature arising out of the facts set forth in those actions. Murphy Decl., Exs. C & D.

With some slight variation in dates, each claim in the instant action was included in the prior Court of Claims matter: (1) from June 28 to September 1, 2009 Plaintiff was not issued a cane or a feed in cell order, thereby depriving Plaintiff of his meals; (2) on September 16, 2009, Plaintiff's cane was confiscated for 7 days; (3) on November 7, 2009, Plaintiff had a valid feed in cell order but did not receive his diabetic food tray for 7 days; (4) from November 1 to 22, 2010, he did not have a feed in cell order, which

he required as Wende had a no-cane policy in the mess hall; (5) Plaintiff's cane was confiscated again on November 22, 2010 for 60 days upon entering SHU, which also had a no-cane policy. <u>Compare</u> Compl. ¶¶ 4-80; <u>with</u> Murphy Decl., Exs. A & B.

**C.  Medical Permits and Accommodations**

Under Wende's Policy and Procedures, an appropriate medical professional may designate specific restrictions to be imposed as a result of an inmate's documented physical limitations. A restriction permit will be completed by a medical professional, which is then reviewed by the Superintendent for Security to ensure safe and secure operations of the facility. Sticht Decl., Ex. A.

Plaintiff was admitted to Wende on June 18, 2009. He reported to medical staff that he used his cane on average 2 to 3 times a month, played handball up to two hours daily, and reported a burning sensation in the left leg after his fifth lap around the yard. He told staff that his leg pain improved with rest. On July 20, 2009, he requested a received a "flats order" (no stair climbing) for three months. Shortly thereafter he turned in his cane provided to him at Attica.  Levitt Decl., Ex. A, ##35-40.

Plaintiff requested and was granted a medical restriction permit for one year beginning September 16, 2009, which was comprised of a cane, a flats order, and a feed in cell order. Sticht Decl., Exs. B & C. Supt. Sticht approved Plaintiff's permit.

Despite a valid feed in cell order, Plaintiff also claims that

he was denied meals and was "starved" by CO Kaczor and Cook Thomas between December 28, 2009 and January 21, 2010. Compl. ¶¶ 35-36. However, during that time period, no complaints were made to medical staff regarding his meals or his cane. Notably, he was medically cleared for hernia surgery with no health concerns around January 6, 2010, and on January 7 he was noted to be walking without his cane and "actively watching his diet." Levitt Decl., Ex. A, ## 21-27.

Plaintiff alleged no deprivations relating to the time period between January and September, 2010, and Plaintiff's medical reports from that time indicated no issues with his canes or meal delivery.

Upon the expiration of his approved medical restrictions in September, 2010, Plaintiff requested a renewal of his cane permit. Pl. Ex. at 84. On September 10, 2010, PA Oberton noted that Plaintiff reported participating in gym and exercise programs 4 to 5 times per week without the use of a cane and had no difficulty with ambulation. The PA suggested discontinuance of Plaintiff's cane permit. Id. Dr. Bukowski's progress notes from October 1, 2010, indicate that Plaintiff had a negative straight leg raise test, walked with a limp on the left side, and had leg pain that waxed and waned. Id. at 86. Despite negative x-ray results, Plaintiff's medical restriction permit was continued from October 1, 2010 through April 1, 2011, without a feed in cell order. Id. at

86(B); Levitt Decl. Ex. B, ## 471, 676, 735.

On November 22, 2010, Plaintiff was admitted to SHU upon being found guilty of a disciplinary violation after testing positive for illegal drug use. With respect to Plaintiff's complaint that his cane was confiscated upon entry to the SHU, it was Wende's policy to prohibit canes in SHU due to the limited walking and living situation wherein inmates were confined to their cells for 23 hours per day for disciplinary infractions. Sticht Decl. ¶ 8.

It was also DOCCS' policy to disallow canes in the messhall in maximum security facilities, including Wende. This was due to security reasons given the large number of inmates with maximum security status and the potential for a cane to be used as a weapon. Sticht Decl. ¶ 9. If an inmate was unable to ambulate in the messhall without a cane, he had option of being fed in his cell as his medical permit provided. Plaintiff's medical permit did not contain a feed in cell restriction from October, 2010 through April, 2011. Pl. Ex. at 86(B).

At no time did Plaintiff make a request for a reasonable accommodation.

## DISCUSSION

### A. General Legal Principles

Section 1983 authorizes an individual who has been deprived of a federal right under the color of state law to seek relief through

"an action at law, suit in equity, or other proper proceeding for redress." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). Two essential elements comprise a Section 1983 claim: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. Annis v. Cnty. of Westchester, 136 F.3d 239, 245 (2d Cir. 1998) (citation omitted).

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is one that might affect the outcome of a suit under governing law. Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003). A "genuine" issue exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.   Plaintiff's Claims are Precluded by the Doctrine of Res Judicata.**

Defendants aver that Plaintiff's claims are barred by the well-established doctrine of res judicata. The Court agrees.

State court judgments are to be given the same preclusive effect in federal court as they would be given in the courts of the state itself. Allen v. McCurry, 449 U.S. 90, 96 (1980). The Second

Circuit has enumerated four conditions to be analyzed when determined whether res judicata applies: (1) the earlier decision was a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the same parties or their privies were involved; and (4) the decision involved the same cause of action. In re Teltronics Services, Inc., 762 F.2d 185, 190 (2d Cir. 1985) (citing Herendeen v. Champion Int'l Corp., 525 F.2d 130, 133 (2d Cir. 1975)).

Plaintiff's claims are precluded by an application of New York law. Barrington v. New York, 449 U.S. 90, 96 (1980). New York follows a transactional approach to res judicata which bars the re-litigation of not only matters that were litigated between parties in a preceding action, but also any matters that could have been litigated in that action. Ramsey v. Busch, 19 F. Supp. 2d 73 (W.D.N.Y. 1998). "Claims that might have been raised in an earlier proceeding are those that arise from the same transaction or claim forming the basis for the first lawsuit." Berrios v. State Univ. of NY at Stony Brook, 518 F. Supp. 2d 409, 415 (E.D.N.Y. 2007)(citing Marvel Characters, Inc. v. Simon, 310 F.3d 280 (2d. Cir. 2002); internal quotation marks omitted). "Claims will be deemed to arise from the same transaction, for example, where they 'are related in time, space, origin, or motivation . . . .'" Id. at 416 (quoting Marvel, 310 F.3d at 287).

Under New York's rule against "claim splitting," a final

judgment rendered in an action which extinguishes the plaintiff's claim also extinguishes all rights of the Plaintiff to further remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Livingston v. Goord, 225 F. Supp. 2d 321 (W.D.N.Y. 2002), aff'd in part and vacated in part on other grounds, 153 Fed. Appx. 769 (2d Cir. 2005) (inmate's successful prosecution of negligence action in New York Court of Claims precluded inmate from bringing §1983 action based on the same course of conduct).

Here, the conduct that Plaintiff again complains of was resolved by the execution by the parties of a Stipulation and Settlement discharging DOCCS, Wende, and its employees in the Court of Claims, and accordingly, res judicata applies.

First, there was a final judgment on the merits in the Court of Claims case, see Marvel Characters, Inc. v. Simon, 310 F.3d 280, 287 (2d Cir. 2002) (a dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for res judicata purposes), and the Court of Claims is a court of competent jurisdiction. See, e.g., Overview Books, LLC v. U.S., 755 F. Supp. 2d 409, 416 (E.D.N.Y. 2010) aff'd, 438 Fed. Appx. 31 (2d Cir. 2011) (Court of Claims had jurisdiction to pass on the merits of First Amendment claim).

Next, the claims brought by Plaintiff involved the same

Defendants named in this action: DOCCS, Wende, and its employees. Murphy Decl., Ex. D (releasing "the New York State Department of Corrections and Community Supervision, and the State of New York, its officers, agents and employees . . . .") The same parties or the privies were therefore involved. With regard to the final element, whether claims in a second lawsuit involve "the same cause of action" as claims brought in the first action, courts determine whether or not "the same transaction or a connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second [action] were present in the first [action]." NLRB v. United Tech., 706 F.2d 1254, 1260 (2d Cir. 1983).

The state court Amended Claim and Trial Brief contained nearly entirely identical claims and causes of action as set forth here: (1) confiscation of Plaintiff's cane upon transfer to Wende; (2) denial of food on various dates; (3) denial Plaintiff's use of his cane in the mess hall and in the SHU; and (4) supervisory liability with regard to the underlying allegations.[2] See Compl. ¶¶ 4-80; Murphy Decl., Exs. A & B.

Although Plaintiff argues that the instant claims exceed the time frame encompassed by Amended Claim in the Court of Claims, see

---

[2] The Amended Claim covered the time period from June 28, 2009 through August, 2009; the Trial Memorandum expanded the relevant time period to November, 2010. Murphy Decl., Exs. A & B.

Pl. Mem. at 2, Plaintiff agreed to settle all possible claims arising out of the alleged deprivations at Wende, in the Court of Claims, for monetary damages, including those occurring prior to the Stipulation of Settlement executed on August 14, 2012. Murphy Decl., Ex. C.

Where, as here, a settlement agreement accompanies a dismissal, "the preclusive effect of the settlement is measured by the intent of the parties to the settlement." Berrios, 518 F. Supp. 2d at 415 (citation omitted). Under the terms of the Release, Plaintiff unambiguously discharged DOCCS, The State of New York, its officers, agents, and employees,

> from all claims, demands, and liability of every kind and nature, legal or equitable, occasioned by or <u>arising out of the facts set forth in the foregoing claim, and in case any action shall have been filed by me with the Clerk of the Court of Claims for said damages at any time prior to the date of this release</u>. I consent and stipulate that an order may be made by the Court of Claims without notice to me dismissing said claim upon the merits.

Murphy Decl., Ex. D (emphasis added).

Thus, Plaintiff explicitly released the Wende Defendants from <u>all</u> claims arising out of the facts set forth in the Court of Claims action, with specific reference to dismissal of any claim brought through the date of the Release. The clear purpose of the Stipulation of Settlement and accompanying Release was to settle the claims arising from Plaintiff's cane denials (and resulting food deprivation) at Wende that occurred prior to the date of the

-13-

settlement. The mere fact that Plaintiff could have raised the additional claims (and arguably did so) is sufficient to trigger the bar in light of the Release's express language. See Berrios, 518 F. Supp. 2d at 419 ("the court cannot imagine a set of circumstances under which a settling defendant would intend to settle only the claims asserted and not all claims arising prior to the date of the settlement. In view of the number of years that may pass between institution of a claim and the settlement thereof, it would make little sense for a defendant to remain open to claims, arising from the same set of facts, that arise prior to the date of the settlement.")

Finally, it is worth noting that a similar conclusion was reached in Plaintiff's previous Federal lawsuit. In Gagne v. Fix, No. 11-CV-361, this Court applied the doctrine of res judicata to dismiss certain of Plaintiff's claims, also arising out of the denial of his cane, while he was incarcerated at Attica Correctional Facility, prior to his transfer to Wende.[3] See Gagne v. Fix, No. 11-CV-361, 2014 WL 950130 (W.D.N.Y. Mar. 11, 2014)(relying on Court of Claims settlement to preclude re-litigation of certain claims).

To permit Plaintiff to re-litigate this issue every time his

---

[3] The instant claims are virtually identical to those raised in Gagne v. Fix and a previous lawsuit, Gagne v. Ekpe, Civ. No 02CV82, in which he complained that he was denied the use of his cane while incarcerated at Southport Correctional Facility in 2001.

housing location changes when his physical condition and the procedure for medical restrictions has remained unchanged is precisely the abuse of litigation which the doctrine of <u>res judicata</u> was designed to prevent. Accordingly, this action is barred due to Plaintiff's settlement of the Court of Claims action.

## **CONCLUSION**

For the reasons discussed above, Defendants' Motion for Summary Judgment (Dkt.#23) is granted, and Plaintiff's Complaint (Dkt.#1) is dismissed in its entirety. The Clerk of the Court is directed to close this case.

SO ORDERED.

    S/Michael A. Telesca
HONORABLE MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE

DATED: November 4, 2015